Honorable Mary Alice Theiler

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| WILLIAM MICHAEL KRAL,        ) | |
|                Plaintiff,    ) | |
|                              ) | NO. 10-01360 MAT |
|        vs.                   ) | |
|                              ) | PLAINTIFF'S MOTION FOR |
| KING COUNTY, a Washington municipal ) | |
| corporation, and WASHINGTON  ) | PARTIAL SUMMARY |
| ASSOCIATION OF SHERIFFS AND  ) | JUDGMENT |
| CHIEFS OF POLICE, a Washington ) | |
| corporation,                 ) | |
|                              ) | NOTE FOR MOTION |
|                Defendants.   ) | CALENDAR: FRIDAY, |
|                              ) | JANUARY 20, 2012 |

Plaintiff respectfully brings this motion for partial summary judgment against Defendants King County and Washington Association of Sheriffs and

PLAINTIFF'S MOTION FOR
 FOR  SUMMARY JUDGMENT - 1

DISABILITIES LAW PROJECT
1120 E. Terrace St. Suite 100
Seattle, WA 98122-7405
(206)633-6637

Chiefs of Police on the issue of their liability for violation of Plaintiff's civil rights under the Americans With Disabilities Act and the Washington State Law Against Discrimination. Because Mr. Kral is deaf, Defendants refused to allow him to participate in electronic home monitoring. As a result he had to spend additional time in the King County jail when he could have been at home under monitoring.

## ISSUES

1. Is Plaintiff entitled to partial summary judgment on his ADA claim against King County?
2. Is Plaintiff entitled to partial summary judgment on his state law claim against King County?
3. Is Plaintiff entitled to partial summary judgment on his ADA claim against Washington Association of Sheriffs and Chiefs of Police?
4. Is Plaintiff entitled to partial summary judgment on his state law claim against of Sheriffs and Chiefs of Police?

## EVIDENCE RELIED UPON

Plaintiff relies upon the pleadings on file in ghis case and upon the declarations filed in support of his motion for partial summary judgment.

PLAINTIFF'S MOTION FOR
FOR  SUMMARY JUDGMENT - 2

DISABILITIES LAW PROJECT
1120 E. Terrace St. Suite 100
Seattle, WA 98122-7405
(206)633-6637

# FACTS

Dale McMillan was a case manager for the Washington Association of Sheriffs and Chiefs of Police (WASPC). McMillan Dep at 9:10-11. He worked with electronic home monitoring McMillan Dep at 9:13-16 He received a fax from the District Court advising him that Plaintiff was eligible for electronic home monitoring. Dep. at 10:22-25. Plaintiff was to serve 120 days of electronic home monitoring Dep 12: 9-10.  WASPC charges for services 11:16-17. Plaintiff would have to pay a fee to WASPC in order to participate in electronic home monitoring. Dep 12:14-16. Plaintiff would have been on electronic home monitoring and on a breathalyzer. Dep 13:7-9. McMillan became aware Plaintiff was deaf when he was interviewed in jail. Dep 15:24-25 – 16:1. McMillan sent a fax to the District Court which said Plaintiff is deaf "and will not be able to be put on EHM or BAC for that reason." Dep Ex 4. McMillan told Plaintiff that, unless he had another person at home to answer the telephone, Plaintiff could not take part in electronic home monitoring. Dep 36:10-13. McMillan made no effort to find out how the Americans With Disabilities Act might have to do with Plaintiff's case. Dep. 33: 15-19, 35:4-9. WASPC selected the equipment that was used in electronic home monitoring. Dep. 37: 16-17. McMillan made no efforts to find alternative

PLAINTIFF'S MOTION FOR
FOR  SUMMARY JUDGMENT - 3

DISABILITIES LAW PROJECT
1120 E. Terrace St. Suite 100
Seattle, WA 98122-7405
(206)633-6637

equipment. Dep. 39: 4-5. McMillan used the equipment because it was all that WASPC had. Dep. 39: 14-16.

McMillan described the role of video cameras in home electronic monitoring but said Plaintiff could not use the video camera system because he could not receive a phone call. Dep. 41:22 – 42:17. McMillan did not know whether captioning could have been used with electronic home monitoring equipment. Dep. 44:7-13.

## ARGUMENT

**Summary judgment standard**

According to Fed.R.Civ.P. 56)(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "genuine issue" exists where the evidence before the court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party. A mere "scintilla" of evidence is not enough to defeat summary judgment. Instead, there must be evidence upon which a jury could reasonably find in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-52 (1986). A fact

PLAINTIFF'S MOTION FOR
FOR  SUMMARY JUDGMENT - 4

DISABILITIES LAW PROJECT
1120 E. Terrace St. Suite 100
Seattle, WA 98122-7405
(206)633-6637

is "material" if it hinges on the substantive law at issue and if it may affect the outcome of the case. Id. at 248. The moving party must first make a prima facie showing that summary judgment is appropriate under Rule 56. The moving party can meet its burden by pointing out the absence of evidence of a genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). When the moving party meets its burden, the burden then shifts to the non-moving party to show by affidavit or otherwise that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co.v. Zenith Radio Corp.*, 475 U.S. 574 586 (1986). The evidence of the non-moving party will be believed as true, all doubts will be resolved in favor of the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor. *Hunt v. Cromartie*, 526 U.S. 541, 550-55 (1999).

**WSLAD Claims**

**Plaintiff has established a *prima facie* case under RCW 49.60.030.**

Washington law recognizes that discrimination against a person based on disability is a menace to the foundations of a free democratic state. RCW 49.60.010. The Washington State Law Against Discrimination (WSLAD) is to be liberally construed. RCW 49.60.020. According to RCW 49.69.030(1) freedom from disability-based discrimination is recognized as a civil right which includes

PLAINTIFF'S MOTION FOR
FOR  SUMMARY JUDGMENT - 5

DISABILITIES LAW PROJECT
1120 E. Terrace St. Suite 100
Seattle, WA 98122-7405
(206)633-6637

1  *but is not limited to* a series of specified circumstances. RCW 49.60.030 creates a

2  cause of action for anyone deeming himself injured by a violation of WSLAD.  In

3  order to establish a case under RCW 49.60.030, Mr. Kral must show (1)

4  membership in a protected class; (2) that he was similarly situated to people

5  without a disability being considered for electronic home (3) because of his

6  deafness plaintiff's he was treated differently than people who are not deaf.

7  *Marquis v. City of Spokane*, 130 Wn.2d 97, 113 (1996) Mr. Kral has shown that he

8  is deaf. There is no doubt that he was being considered for electronic home

9  monitoring. Defendants turned down Mr. Kral for home monitoring because he is

10  deaf.

11  **Plaintiff has established a *prima facie* case under RCW 49.60.215.**

12  Mr. Kral has a civil right to be free from disability-based discrimination

13  which *includes but is not limited to* freedom in the advantages of places of public

14  accommodations. RCW 49.60. 030(1)(b). A place of public accommodation is

15  defined by RCW 49.60.040(2) defines pace of public accommodation *to include*

16  *but not be limited to* places where charges are made for service or use of facilities

17  or rendering personal services. *Demelash v. Ross Stores, Inc.*, 105 Wn.App. 508,

18  525 (2001) describes the elements of a *prima facie* public accommodation case: 1)

PLAINTIFF'S MOTION FOR
FOR  SUMMARY JUDGMENT - 6

DISABILITIES LAW PROJECT
1120 E. Terrace St. Suite 100
Seattle, WA 98122-7405
(206)633-6637

the plaintiff has a disability; 2) defendant's establishment is a place of public accommodation; 3) defendant discriminated against plaintiff by providing treatment that was not comparable to the level of designated services provided to individuals without disabilities; and 4) the disability was a substantial factor causing the discrimination.

Mr. Kral has shown that he is deaf, a disability within the scope of RCW 49.60. 040(7)/215. Mr. Kral has also established the second element of a *prima facie* case. WASPC operates a place that makes a charge for rendering personal services (electronic home monitoring). King County operates many places (including its district courts and its jails where people gather for public purposes, one of the definitions of public accommodation set forth in RCW 49.60.040(2). Mr. Kral was not comparably to non-deaf people ordered to participate in electronic home monitoring. Finally, Mr. Kral's disability was a substantial factor in causing the discrimination. Mr. McMillan expressly told the District Court that:

> William Kral us deaf and will not be able to be put on EHM with BAC for that reason. The testing operators have to physically talk to them every time they call. His people at home are not willing to be at home during the test times.

McMillan Dep. Ex. 4.

PLAINTIFF'S MOTION FOR
FOR SUMMARY JUDGMENT - 7

DISABILITIES LAW PROJECT
1120 E. Terrace St. Suite 100
Seattle, WA 98122-7405
(206)633-6637

1    **Mr. Kral has established *prima facie* cases under the ADA.**

2    Defendant King County is a public entity, as defined by 42 USC 12131(1) In

3    order to show that King County violated Title II of the ADA, Mr. Kral must show:

4    (1) he is a "qualified individual with a disability"; (2) he was either excluded from

5    participation in or denied the benefits of a public entity's services, programs, or

6    activities, or was otherwise discriminated against by the public entity; and (3) such

7    exclusion, denial of benefits, or discrimination was by reason of his disability.

8    *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) Mr. Kral is a

9    qualified individual with a disability because he is deaf and is a party to a lawsuit

10   involving public hearings. *Duvall v. County of Kitsap* at 1136 and the definition of

11   qualified individual with a disability at 42 USC 12131(2). He was excluded from

12   the EHM program, and, as demonstrated by Ex, 4 to McMillan's deposition, the

13   exclusion was by reason of his disability.

14   The fact that King County relied on WASPC to provide EHM service does

15   not shield the County from liability. One of the federal regulations applicable to

16   this case, 28 CFR 35.130, prohibits King County from using contractual or other

17   arrangements to deny service to a qualified individual with a disability. Another

18   regulation, 28 CFR 35.160(b)(1) requires King County to provide appropriate

PLAINTIFF'S MOTION FOR
FOR SUMMARY JUDGMENT - 8

DISABILITIES LAW PROJECT
1120 E. Terrace St. Suite 100
Seattle, WA 98122-7405
(206)633-6637

1  auxiliary aids and services that would give Mr. Kral an opportunity to participate

2  in EHM. He cannot be subjected to a surcharge for auxiliary aids and services. 28

3  CFR 35.160(f). King County has to give primary consideration to Mr. Kral's

4  request as to the type of auxiliary aid and service necessary. 28 CFR 35.160(b)(2).

5  Defendant WASPC is a place of public accommodation within the definition

6  of 42 U.S.C. 12181(7)(F) and (K) because it provides social services. Mr. Kral was

7  denied the use of those services in violation of 42 U.S.C. 12182. WASPC is

8  required by 42 U.S.C. 12182(2)(A)(ii) to make reasonable modifications to its

9  practices and procedures in order to accommodate Mr. Kral's deafness. The record

10 in this case makes it clear that Defendant WASPC did not make, or even consider,

11 any such modifications.

12 **CONCLUSION**

13 Mr. Kral has shown that all the elements of *prima facie* cases under the

14 ADA and WSLAD. Plaintiff respectfully requests that the Court grant his motion

15 for partial summary judgment.

16

17

PLAINTIFF'S MOTION FOR
 FOR  SUMMARY JUDGMENT - 9

DISABILITIES LAW PROJECT
1120 E. Terrace St. Suite 100
Seattle, WA 98122-7405
(206)633-6637

1

2  Respectfully submitted this 29th day of December, 2011.

3

4                              s/Lonnie Davis

5                              WSBA No. 5091

6                              Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

PLAINTIFF'S MOTION FOR
FOR  SUMMARY JUDGMENT - 10

DISABILITIES LAW PROJECT
1120 E. Terrace St. Suite 100
Seattle, WA 98122-7405
(206)633-6637